VAN DEUSEN *against* ROWLEY and ROWLEY, administrators of
WILLIAM ROWLEY.

Where a father transfers to an adult son who has occasionally performed
services for him for which no charge was made, a quantity of bank stock,
reciting in the transfer, that it is " for value received," the transaction is a
gift and not a sale.

Such a gift, if made while the donor has sufficient mental capacity to transact
business with his own family, although not to transact business generally, if
made fairly is valid.

This was an appeal from a decree of the supreme court
in the second judicial district, affirming a decree of the
surrogate of Columbia county, requiring the administrators
of William Rowley to account for twenty shares of the
stock of the Farmers' Bank of Hudson which had been
transferred by their intestate to Levi Rowley, one of the
administrators, seven days before death.

William Rowley died of delirium on the sixteenth day
of July, 1840, without leaving a will. There was testimony
to show that for some time prior to his death he had been
unwell, and was not in a condition to transact business
with strangers, but his mind was not gone entirely, and he
might have understood a particular matter; and other evi-
dence that he was entirely competent to transact his busi-
ness to within a day or two of his death. Levi Rowley
was his son. He had been educated by his father, and
after he became of age had assisted him in the transaction
of his business for several years.

On the 9th day of July, 1840, the intestate made an as-
signment to Levi Rowley of twenty shares in the capital
stock of the Farmers' Bank of Hudson. The transfer
recited that it was for value received. In fact no present
consideration passed for it, but it was shown that the
intestate at the time he originally obtained it stated that

he bought it for Levi, and should give it to him. At the time of the transfer a new certificate was issued to Levi.

The administrators appealed to this court.

*J. Van Buren*, for appellants

*K. Miller*, for respondent

GARDINER, J.— The only question in this case is, whether, the surrogate erred in determining that Levi Rowley, the son of the intestate, Wm. Rowley, was not entitled to twenty shares of the stock of the Bank of Hudson, but that the same was the property of the estate and properly chargeable to such, as the administrators.

Eight or nine days before the death of the intestate he executed the following instrument:

For value received, I, William Rowley, do hereby transfer to Levi Rowley, twenty shares in the capital stock of the Farmers' Bank of Hudson in the city of Hudson, standing on the books of said bank in the name of William Rowley. Hudson, July 9, 1840.

WILLIAM ROWLEY.

Witness, D. Rowley.

This transfer was drawn up by Jenkins, the cashier of the bank, in the transfer book of the institution, signed and witnessed as above mentioned. A stock certificate was made out under the seal of the bank, and delivered to the transferee, and by him produced and proved before the surrogate. The evidence shows that the son, subsequently to his coming of age, had rendered services to his father, but does not prove, I think, that he had any intention of charging for them, or that the intestate supposed that he was under any legal obligation to pay for them, although it is probable that in addition to the relation subsisting between the parties, they may have had some influence in

Van Deusen *against* Rowley.

inducing the transfer above mentioned. The conveyance is to be sustained as a gift, and that the form of a sale was resorted to, merely to give effect to the intention of the donor. It was a gift, it will be perceived, not resting in agreement, but completely executed. The stock was intangible; but the evidences of title, and all of them, were placed in the possession of the donee. This was held, in *Harris* v. *Clark*, to be all that was requisite to a perfected gift of this species of property. The objection by the respondents is, that the intestate was of unsound mind, and incapable of making any disposition of his property at the time of the execution of this instrument. The only witness upon the subject called by them is, the family physician. This witness states that some three or four days before his death, the intestate complained of intense pain in his head, and observed, that he "could not stand it a great while." He died of delirium. In answer to a question by the respondent's counsel as to his competency, the witness says, "I do not think he was competent to do business *generally*, for the last ten or twelve days; he might have understood a *particular* matter. I do not mean to say his mind was gone entirely." On the question being asked whether there was any time after his return from New York, (27th June,) that he was competent to transact business with strangers, or people generally, the witness answered, "I do not think he was." Giving full effect to this testimony, it falls short of establishing any thing approaching to legal incompetency. In the first place there was no attempt to transact business generally, or with strangers, but to dispose of a particular matter, with a member of his own family. This the witness says the intestate might have understood. And if he did, as we must presume, the gift was valid. In opposition to the opinion of this physician, however, four witnesses, among them, the subscribing witness to the transfer, and a physician, testify that he was of sound mind; that after his return from New York until three or four days before his

Van Deusen *against* Rowley.

death, he spent most of his time in the store with his brother, where he bargained for a horse, and where this transfer was executed. And this witness speaks of a casual conversation with the intestate, three months before the date of the assignment, in which he stated that he had taken the stock and intended it for Levi. It was also proved that an assignment to the same effect, had been executed some days previously to the last one, for which the one entered upon the books of the bank was substituted at the request of the cashier. The evidence is therefore decisive, not only that the intestate was mentally competent, but that the gift had been the subject of previous consideration. No fraud or undue influence is pretended; and if the case had been submitted to a jury their verdict in favor of the respondent would have been set aside as against evidence.

The judgment of the supreme court, so far as relates to the title to this stock, should be reversed, with costs in the court below.

· All the judges except Judge Taggart concurred.

TAGGART, J., dissented and was in favor of affirming the decree of the surrogate.

Judgment reversed.